# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv33

| | |
|---|---|
| **CYNTHIA JEAN DAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| **CAROLYN W. COLVIN,** ) | **RECOMMENDATION** |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 9] and **GRANT** the Motion for Summary Judgement [# 14].

## I. Procedural History

Plaintiff filed an application for disability insurance benefits and supplemental security income on April 17, 2012. (Transcript of Administrative Record ("T.") 256.) The application had a protective filing date April 5, 2012. (T.

22, 136.) Plaintiff alleged an onset date of April 6, 2011. (T. 256, 264.) The Social Security Administration denied Plaintiff's claims. (T. 189-209.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 210-228.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 43-80.) The ALJ then issued a decision finding that Plaintiff was not disabled from July 1, 2014, through the date of the decision. (T. 37.) Plaintiff requested review of the ALJ's decision. (T. 18.) The Appeals Council denied Plaintiff's request for review. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is

unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rest with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III. The ALJ's Decision**

In his September 24, 2014, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 37.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

(2) The claimant has not engaged in substantial gainful activity since April 6, 2011, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: post-traumatic stress disorder (hereinafter PTSD); borderline intellectual functioning; obesity; hypertension; cerebral aneurysm; right knee impairment; and impairment of the hip (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Function by function, the claimant is able to occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. The claimant is able to sit, stand and walk up to six hours in an eight-hour workday. The claimant is occasionally able to climb and balance, but cannot climb ladders, scaffolds and ropes. The claimant is frequently able to stoop, kneel, crouch and crawl. The claimant should avoid concentrated exposure to hazards. The claimant is able to engage in simple one-two step tasks, and cannot engage in fast pace work such as an assembly line. The claimant must work in a low stress environment, which is defined as non-production work. The claimant is to have no contact with the public.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on June 16, 1965 and was 45 years old, which is defined as a young individual age 18-49, on the alleged disability onset day (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from April 5, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 24-37.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were

reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. The ALJ's RFC Determination

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity,

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-9p.

Here, the ALJ found that Plaintiff could perform light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (T. 27.) The ALJ also found additional functional limitations:

> Function by function, the claimant is able to occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. The claimant is able to sit, stand and walk up to six hours in an eight-hour workday. The claimant is occasionally able to climb and balance, but cannot climb ladders, scaffolds and ropes. The claimant is frequently able to stoop, kneel, crouch and crawl. The claimant should avoid concentrated exposure to hazards. The claimant is able to engage in simple one-two step tasks, and cannot engage in fast pace work such as an assembly line. The claimant must work in a low stress environment, which is defined as non-production work. The claimant is to have no contact with the public.

(T. 27.) In reaching his decision, the ALJ considered all the evidence in the record,

set forth Plaintiff's functional limitations, assessed Plaintiff's work-related abilities on a function-by-function basis, and included a thorough narrative discussing how the evidence in the record supported his RFC. (T. 27-35.) Plaintiff, however, contends that the ALJ erred because the ALJ did not explain why he failed to include limitations related to her contracted hands in the RFC determination.

Upon a review of the record, the Court finds that the ALJ's RFC determination is supported by substantial evidence. As an initial matter, the Court notes that Defendant is correct that the notations of Dr. Johnson contain evidence of contracture posturing of her left hand due to her cerebral aneurysm. (See e.g. T. 489, 524.) The ALJ, however, plainly acknowledged this evidence in his decision. (T. 33.) The ALJ also found that while Dr. Johnson noted the contracted hands and reported that Plaintiff was completely disabled, her opinion was entitled to little weight, a determination that is not challenged by Plaintiff. (T. 32-34.) As the ALJ noted in determining that the decision was entitled to little weight, the opinion was based on subjective complaints to Dr. Johnson, including the complaints related to Plaintiff's contractures of the hand. (T. 33, 499.) The ALJ also determined that Plaintiff was not fully credible, another determination that Plaintiff does not challenge. (T. 28.) Moreover, the ALJ discussed the evidence of Plaintiff's daily living, which the ALJ determined contradicted the extreme

limitations found by Dr. Johnson. (T. 25-35.) Finally, the ALJ gave great weight to the opinions of the state agency physicians who noted Plaintiff's contracted hand, but opined that Plaintiff had no manipulative limitations. (T. 34, 160, 177, 164, 181.)

Put simply, there is no merit to the position of Plaintiff that the ALJ ignored evidence in the record related to Plaintiff's contracture posturing of her hands or that he failed to evaluate Plaintiff's alleged extremity impairment. The record is abundantly clear that the ALJ considered Plaintiff's alleged extremity impairment, but that the ALJ found that the alleged impairment was not as severe as Plaintiff alleged. Based on his review of the evidence in the record, the ALJ also determined that the Plaintiff's alleged impairments related to her contracture posturing of her hands did not warrant any additional restrictions beyond what the ALJ set forth in the RFC. Because the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record, no remand is required in this case.

**B.     The GAF Scores**

In determining whether a claimant is disabled, the ALJ considers any medical opinions in the record together with the other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions constitute statements from physicians and

psychologist, as well as other acceptable medical sources, reflecting judgments about the nature and severity of the claimant's impairment, including the claimant's symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairment, and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996); 20 C.F.R. § 404.1527(d). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other

acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a nontreating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Although a plaintiff's Global Assessment of Functioning ("GAF") score is merely a snapshot of a claimant's functioning at a specific moment in time, Powell v. Astrue, 927 F. Supp. 2d 267, 273 (W.D.N.C. 2013) (Reidinger, J.), the score is a medical opinion when it is assigned by an acceptable medical source, Kennedy v. Colvin, 3:14-cv0665-RJC, 2016 WL 890602, at *4 (W.D.N.C. Mar. 8, 2016) (Conrad, J.) (unpublished); May v. Colvin, Civil Action No. 1:15-CV-00090-GCM, 2016 WL 4917046, at *5 (W.D.N.C. Sept. 13, 2016) (Mullen, J.) (unpublished). Thus, a GAF score from an acceptable medical source constitutes a medical opinion, which the ALJ is required to consider and assign weight, just as it would any other medical opinion. See Kennedy, 2016 WL 890602, at *4; May, 2016 WL 4917046, *5. A GAF score, however, is not conclusive evidence of a claimant's mental impairments. Powell, 927 F. Supp. 2d at 273; May, 2016 WL 4917046, *5.

Here, the record contains two GAF scores. Catherine Evans, a licensed

professional counselor, assigned Plaintiff a GAF score of 45.  (T. 483, 533.)  Dr. Karen Marcus, who conducted a consultative psychological evaluation of Plaintiff, assigned Plaintiff a GAF score of 49-54.  (T. 454).   Plaintiff contends that that the ALJ erred in his treatment of these scores, in particular the score of Evans, which falls into the range of serious symptoms.  See May v. Colvin, 2016 WL 4917046, at *5 (explaining that a GAF score in the 41-50 range indicates an individual may have serious symptoms or impairments).

As a threshold matter, the GAF score assigned by Catherine Evans did not come from an acceptable medical source and, thus, is not a medical opinion subject to increased weight.  Lawson v. Colvin, 807 F.3d 962, 967 (8th Cir. 2015) (holding that a licensed professional counselor is not an acceptable medical source); see also SSA, AM-13066 REV, "Global Assessment of Functioning (GAF) Evidence in Disability Adjudication – REV" (effective Oct. 14, 2014).   Moreover, the ALJ expressly considered both GAF scores in the record and concluded that Plaintiff was not as mentally impaired as a score in the 41-50 range would suggest.  The ALJ gave the opinion of Ms. Evans little weight and found that the opinion, including the GAF score of 45, was not consistent with the evidence contained in her therapy notes and Plaintiff's general level of functioning.  (T. 34.)  The ALJ provided ample explanation for his findings regarding Plaintiff's mental

impairments, including that the GAF scores in the record did not accurately reflect the actual severity of Plaintiff's mental impairments or Plaintiff's work restrictions. In short, the Court finds no reversible error in the manner in which the ALJ treated the GAF scores in the record. Finally, Plaintiff's suggestion that the ALJ's treatment of the GAF scores creates an internally inconsistent finding or a misstatement of fact that requires remand is without merit. The ALJ properly considered the GAF scores in the record in the decision, noted the severity of a GAF score of 45 and the opinion of Ms. Evans (T. 34), weighted the evidence in the record, and found that Plaintiff was not as limited as a GAF score of 45 would suggest. Such findings are supported by substantial evidence in the record and are not the result of any legal error. Because the Court finds that the ALJ did not err in his treatment of the GAF scores in the record, no remand is required.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 9], **GRANT** the Motion for Summary Judgement [# 14], and **AFFIRM** the decision of the Commissioner.

Signed: December 3, 2016

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).